Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 6878)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele: (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CAMILLA RAMNARIME,

                    Plaintiff,

-against-

QUEENS LIBERTY FOODS INC,

                    Defendant(s).

CASE NO.

**COMPLAINT**

ECF Case,

---

Plaintiff, CAMILLA RAMNARIME, on behalf of Plaintiff, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against Defendant(s), QUEENS LIBERTY FOODS INC and states as follows:

### **INTRODUCTION**

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the regular wage rate; (2) unpaid wages at the overtime wage rate; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

1

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the regular wage rate; (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the 29 U.S.C. §206(d), Equal Pay Act of 1963 ("EPA"), she is entitled to recover from the Defendant(s): (1) difference paid wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") § 194, she is entitled to recover from the Defendant(s): (1) difference paid wages; (2) liquidated damages totaling three hundred (300) percent; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

5. Finally, Plaintiff alleges that, under 29 U.S.C. § 2615(a), Defendant interfered with Plaintiff exercising her rights under the Family Medical Leave Act (hereinafter "FMLA") by refusing to grant Plaintiff FMLA leave and, therefore, is entitle to recover from Defendant: (1) statutory damages for lost wages, benefits, and other compensation, plus interest at the statutory rate; (2) liquidated damages equal to the amount of statutory damages award above; (3) equitable relief in the form of front pay, as considered by the Court; (5) equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

8. Plaintiff, CAMILLA RAMNARIME, is an adult, female resident of Queens County, New York.

9. Upon information and belief, Defendant, QUEENS LIBERTY FOODS INC is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 490 Ackerson Avenue, Wycoff, New Jersey, 07841.

10. At all relevant times, Defendant, QUEENS LIBERTY FOODS INC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

## STATEMENT OF FACTS

### Facts Relevant to Plaintiff's FLSA and NYLL Wage Claims

12. Defendant employed Plaintiff as an assistant manager from August 14, 2018 through December 2019.

13. Defendant compensated Plaintiff at an hourly rate of $14.00 in 2018.

14. Defendant compensated Plaintiff at an hourly rate of $15.00 in 2019 until February 2019 when she received a raise to $16.00 an hour.

15. From August 2018 until March 2019, Plaintiff worked approximately from 6:30 a.m. to 6:00 p.m. five (5) to six (6) days a week on a floating scheduling

16. During the August 2018 to March 2019 timeframe, Plaintiff would work her regular shift from 6:30 a.m. to 3:00 p.m.

17.	Dennis Barku, the general manager of Plaintiff's location, instructed Plaintiff to punch out and stay until 5:00 p.m. performing administrative tasks, such as completing accounting duties and depositing money; such work was unpaid.

18.	Further, Defendant had a policy that Plaintiff would not work over eighty (80) regular shift hours in two (2) weeks.

19.	To accomplish this policy, Defendant would adjust the shift schedules so that if Plaintiff worked over forty (40) in the first week of the pay cycle, Plaintiff's regular shift reschedule in the second week would be reduced by the number of hours in the first week worked over forty (40).

20.	By way of example, if Plaintiff worked forty-five (45) hours in the first week of the pay cycle, Plaintiff's schedule in the second week of the pay cycle would be thirty (35) hours with Plaintiff's two (2) week paycheck showing eighty (80) hours worked and no overtime hours.

21.	Therefore, Plaintiff was not properly compensated wages for all hours worked or at the overtime wage rate for all hours worked over forty (40) in a workweek.

22.	Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked and all hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

23.	At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

24.	Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

25. Upon information and belief, this was done in order to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

26. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

### Facts Relevant to Plaintiff's EPA and NYLL § 194 Claim

27. In February 2019, Defendant hired another assistant manager, Robert McDonald, who had the same or less duties and responsibilities as Plaintiff.

28. Upon information and belief, Mr. McDonald had less experience than Plaintiff, who had been an assistant manager for five (5) years as opposed to Mr. McDonald's experience of a few months.

29. Upon information and belief, Mr. McDonald is male.

30. Upon information and belief, Mr. McDonald was paid fifty (50) cents more an hour than Plaintiff.

31. Upon information and belief, Mr. McDonald was paid more than Plaintiff because of their different sex.

### Facts Relevant to Plaintiff's FMLA Claim

32. At all times relevant herein, Defendant was an employer within the meaning of § 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

33. At all times relevant herein, Plaintiff had worked for more than twelve (12) months and more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

34. Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

35. At all times relevant herein, Plaintiff was qualified for her position as assistant manager.

36. On or about September 14, 2019, Plaintiff's father was admitted to Jamaica Hospital in an unconscious state as a result of a stroke with pneumonia and a blockage in both brain and heart.

37. The following week, Plaintiff contacted Dennis Barku, general manager and Plaintiff's supervisor, requesting use of FMLA leave to care for her father.

38. Mr. Barku responded that the "company doesn't do FMLA."

39. Plaintiff continued to work, utilizing sick and vacation time when possible to take care of her ailing father.

40. Plaintiff's father passed away in December 2019.

41. After attending her father's funeral, Plaintiff spoke with Mr. Barku, who informed her that he no longer had hours for her to work and terminated Plaintiff's employment.

42. Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

47. Plaintiff was entitled to be paid for all hours worked in week at her regular rate as provided for in the FLSA.

48. Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

49. Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked, and all hours worked over forty (40) hours in a week as provided for in the FLSA.

50. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked and all hours worked over forty (40) hours in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

51. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff for all hours worked and all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due and that non-payment of a regular wage and a wage at the overtime rate would financially injure Plaintiff.

52. Defendant(s) have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

53. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

55. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56. Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

57. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

58. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

60. Defendant(s), pursuant to their policies and practices, refused and failed to pay the earned wage for all hours worked and at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in week.

61. By failing to compensate Plaintiff a wage for all hours worked and all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

62. The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

63. Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked and all hours worked over forty (40) hours in a workweek at the overtime wage rate.

64. Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

65. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

68. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

69. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

70. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff

with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

71. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72. Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

73. Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

74. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5
### [EPA Wage Discrimination]

75. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76. The EPA makes it is unlawful for an employer to pay an employee less than an employee of the opposite sex for equal work.

77. From February 2019 until December 2019, Plaintiff was compensated at fifty (50) cents lower than her male colleague in the same position, Mr. McDonald.

78. The difference in pay was not based upon a seniority system, a merit system, a system which measures earnings by quantity or quality of production; or a bona fide factor other than sex, such as education, training, or experience.

79. Defendant willfully paid Mr. McDonald fifty (50) cents more than Plaintiff based upon Plaintiff's sex.

80. Due to Defendant(s)' willful violations of NYLL, Article 6, § 194, Plaintiff is entitled to recoupment of the difference earned of fifty (50) cents to her hourly wage; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) *et al.* and § 198.

81. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) *et. al.* and §198.

## COUNT 6
### [NYLL § 194 Wage Discrimination]

82. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83. NYLL Labor Law § 194 makes it is unlawful for an employer to pay an employee less than an employee of the opposite sex for equal work.

84. From February 2019 until December 2019, Plaintiff was compensated at fifty (50) cents lower than her male colleague in the same position, Mr. McDonald.

85. The difference in pay was not based upon a seniority system, a merit system, a system which measures earnings by quantity or quality of production; or a bona fide factor other than sex, such as education, training, or experience.

86. Defendant willfully paid Mr. McDonald fifty (50) cents more than Plaintiff based upon Plaintiff's sex.

87. Due to Defendant(s)' willful violations of NYLL, Article 6, § 194, Plaintiff is entitled to recoupment of the difference earned of fifty (50) cents to her hourly wage; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) *et al.* and§ 198.

88. Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) *et. al.* and §198.

## COUNT 7
### [Interference in Violation of 29 U.S.C. § 2615(b)]

89. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "88" of this Complaint as if fully set forth herein.

90. At all times relevant herein, Defendant was an employer within the meaning of § 101(4) of the FMLA, 29 U.S.C. § 2611(4), as amended, employing over fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or proceeding calendar year.

91. At all times relevant herein, Plaintiff had worked for more than twelve (12) months and more than 1,250 hours in the immediately prior twelve (12) months for Defendant.

92. Plaintiff, thus, was an "eligible employee" of Defendant within the meaning of § 101(2) of the FMLA, 29 U.S.C. § 2611(2), as amended, and was an employee of Defendant who was entitled to leave under § 102(a)(1)(d) of the FMLA, 29 U.S.C. § 2612(a)(1)(D), as amended.

93. By the various wrong actions as described above, including but not limited to denying Plaintiff requested leave for which she was eligible and to which she was entitled under statue, Defendant violated section 105 of the FMLA, 29 U.S.C. § 2615, as amended.

94. Defendant's actions were willful.

95. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, irreparable injury, lost wages and benefits, other monetary damages, mental anguish,

emotional distress, humiliation, and other compensable damages, all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a) An award of unpaid wages at the regular wage rate and the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the regular wage rate and the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the regular wage rate and the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the regular wage rate and the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of the difference in pay on Plaintiff's deserved hourly rate similar to Mr. McDonalds rate under the NYLL;

(f) An award of liquidated damages as a result of Defendant's failure to pay equal wages to Plaintiff in violation of NYLL § 194.

(g) An award of statutory damages for lost wages, benefits, and other compensation under the FMLA;

(h) An award of liquidated damages equal to the amount of statutory damages awarded under the FMLA;

(i) An award of equitable relief in the form of front pay, as considered by the Court, under the FMLA;

(j) An award of equitable relief in the form of compensable damage for pain, suffering, and loss as a result of Defendant's violations of the FMLA;

(k) An award of prejudgment and post-judgment interest;

(l) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(m) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
June 12, 2020

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 0945)

By: _____
Imran Ansari (IA 6878)